## LOPARTKOVICH v MARSHALL

Ohio Appeals, 9th Dist, Lorain Co
No. 549. Decided May 11, 1931

Stevens & Stevens, Elyria, for Lopartkovich.

Anderson & Lamb, Cleveland, for Marshall.

FUNK, J.

Counsel for plaintiff in error have filed a very voluminous brief, all of which we have read, and in which they have set up seven grounds of error and have subdivided the errors complained of in the general charge into six different complaints. These grounds of error may be grouped as follows: first, errors in the admission and rejection of certain evidence of the plaintiff and of the doctors, both attending physicians and experts, and of plaintiff's brother; second, errors in the charge; and third, that the verdict is manifestly against the weight of the evidence and is excessive.

Much complaint is made concerning the admission of certain evidence given by a Dr. Frederick, who was an attending physician, especially in reference to the hypothetical questions asked him, the contention being that the questions did not contain all the facts necessary to enable the doctor to form a reasonable and intelligent conclusion, and that much of his evidence was of a speculative nature.

There is a recognized rule in some jurisdictions that when the consideration of a certain fact is essential to the formation of an intelligent opinion concerning the matter and there is some evidence of such fact, the hypothetical question which excludes such fact should not be permitted to be answered. However, the general rule is that counsel may ask an expert what his judgment would be upon all or any prescribed part of the facts as to which evidence has been received, and the attorney in propounding his hypothetical question is not required or expected to include therein an assumption of facts on the theory of his adversary but is permitted to frame his question so as to reflect his own theory.

While the hypothetical questions may not have included all the facts and circumstances as completely as counsel for defendant contend they should have, we find no prejudicial error in the admission of the evidence given by Dr. Frederick, especially when considered in connection with the testimony of the other doctors and the plaintiff, and since he was an attending physician and all his evidence based upon

purely subjective symptoms of the injuries was taken from the jury, and in view of the privilege of defendant on cross-examination to formulate hypothetical questions on his theory of the case and correct any omissions he deemed essential.

Counsel further complain that the court erred in refusing to permit him to further cross-examine Dr. Pfeffer as to his interest in the case and to further cross-examine the brother of plaintiff concerning when he had the pictures of the motorcycle and the automobile made and at whose instance they were made, and that the court admonished counsel not to interrogate said witnesses in such a "savage" manner.

We have carefully considered these claimed errors and are unable to find that the trial judge abused his discretion in his rulings concerning these matters. We find no prejudicial error in this particular.

Counsel further claim that the court erred in permitting plaintiff to testify concerning his eye-sight and injuries to his jaw and to his back.

We believe the allegations of the petition concerning the injuries sustained are sufficiently broad to permit this evidence. We find no error in the admission of this evidence when considered in connection with the record as a whole and especially in connection with the testimony of Dr. Burke to the effect that the impairment of plaintiff's eye-sight was a symptom of and indicated injuries to the brain and brain cells, and in view of the fact that this testimony was limited to that purpose and as reflecting upon the injuries complained of; there being no claim of injury to eye-sight as such.

Counsel further complain that Dr. Thomas, who was the attending physician while plaintiff was at the hospital, said, when testifying concerning the injuries he found plaintiff had when he was received at the hospital, that plaintiff also "complained bitterly of a headache" and at another place said "as he (plaintiff) regained consciousness he complained of this headache, the severe pain in the head."

We find no prejudicial error in the admission of this testimony, especially in view of the testimony of the plaintiff himself and the record as a whole.

Counsel also claim error in the formation of hypothetical questions asked Dr. Burke, who was an expert from Cleveland and who did not examine the plaintiff until October, 1929, similar to the errors complained of concerning the hypothetical questions asked Dr. Frederick and his testimony concerning the eye-sight of plaintiff being indicative of injuries to the brain.

What we have said in reference to hypothetical questions concerning the testimony of Dr. Frederick and the testimony of the plaintiff concerning his eye-sight, have application to the complaint concerning the testimony of this witness, and need not be further commented upon. We thus find no prejudicial error in this particular.

Second, as to errors in the general charge.

Counsel first complain that in one paragraph the court instructed the jury that negligence was "ordinary want of care" instead of saying that it was the "want of ordinary care."

While it is true that the court apparently inadvertently got the word "ordinary" at the wrong place, yet when taken in connection with the charge as a whole, and especially with what the court said in the same sentence as to what the want of ordinary care may consist of and the court's definition of ordinary care which immediately followed the paragraph in which the error complained of occurred, we find no prejudicial error in this particular.

Counsel also contend that the court erred in stating to the jury that the defendant pleaded contributory negligence as one of his defenses. The language complained of is as follows: "The defendant has set forth in his answer what is known in the law as contributory negligence." This had reference to the fifth defense, the material parts of which we have hereinbefore set forth. It is contended, in substance, that as contributory negligence is in the nature of a confession and avoidance, the court thereby substantially told the jury that the defendant admitted negligence on his part but sought to avoid liability by claiming that plaintiff was also negligent; that this had the effect of making it appear that defendant was inconsistent; that it prevented the jury from first determining whether the defendant was negligent and then. if they found him negligent, to determine whether plaintiff was negligent; and that it minimized the defense of general denial and sole negligence of plaintiff and left a strong inference that the real question at issue was the negligence of plaintiff.

While the wording of this defense may not, strictly speaking, be a defense of contributory negligence and may be more especially what might be called a general denial with an alternative allegation that if the defendant was negligent the plaintiff's negligence either wholly or in combination with the defendant's negligence directly contributed to the injury, yet a pleading of this kind is frequently referred to as a defense of contributory negligence.

Ordinarily, in a personal injury case, the defendant does not desire to definitely con-

fess his own negligence, so he usually pleads a general denial, with an alternative allegation as defendant did in this case.

We cannot agree with counsel for defendant in this contention, especially in view of the fact that it is admitted in their brief that contributory negligence was an issue in the case and that it was necessary for the court to charge upon the question. The record further shows that the court charged fully on the question of contributory negligence and fully explained defendant's fifth defense. We thus do not think that the mere statement by the court that defendant plead contributory negligence could, under the charge as a whole, give the jury any such impression as is claimed for it by counsel. We are therefore of the opinion that there is no merit in this contention of the defendant.

It is further contended that the court erred in failing to separately and definitely state the issues of fact made in the pleadings, and that he erred in saying to the jury that should they find for plaintiff they "will be confined entirely in your awarding of damages to the things enumerated above and as to whether the injuries or any of them are permanent."

From our reading of the record and considering the charge as a whole, we find that the court did sufficiently state the issues to enable the jury to understand them. Moreover, while the court may not have gone into much detail as counsel for defendant contend he should have, counsel made no request that a further statement concerning the issues be made..

As to what the court said about the permanency of the injuries and damages therefor.

It will be noted that the language used merely permitted the jury to consider "whether the injuries or any of them were permanent" in making up the amount of damages they would award plaintiff, should they find in his favor.

We find no error in this particular, especially when taken in connection with other instructions given with it and which took from the jury plaintiff's claims "that his injuries have interfered with his ability to work and earn money and that he was confined in the hospital under medical care, by which he was put to medical expense and that he might need medical expenses in the future" because there was no evidence to support them. Moreover, the fact that the court did not go further and instruct the jury on the question of prospective damages reasonably certain to follow from the injuries complained of, would seem to be more beneficial to the defendant than to the plaintiff.

It is further contended that the court erred in charging that a violation of §6310-24 GC was negligence per se. This section requires that motor "vehicles turning to the left into another road or highway, shall pass to the right of and beyond the center of the intersection before turning."

We find no error in this particular, especially in view of the fact that there was no claim and no evidence to the effect that the municipal authorities had made any other order in reference to turning at the intersection of the streets where the accident occurred, and there being some evidence tending to show that defendant violated this section.

Counsel further contend that the verdict and judgment are manifestly against the weight of the evidence and are excessive.

From the reading of the record in this case, we are unable to find that the verdict is either manifestly against the weight of the evidence or excessive, if the jury believed certain evidence on behalf of the plaintiff, which they had a right to do; and there is ample evidence to sustain the verdict.

Finding no reversible error in any of the claimed errors on behalf of defendant, and finding no other error in the record that is prejudicial to the defendant, the judgment is affirmed.

PARDEE, PJ, and WASHBURN, J, concur.